LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>PIERCE CONTRACTORS, INC<br><br>                 Debtor | CASE NO.: 21-50915-SLJ<br><br>**MOTION TO VALUE COLLATERAL OF SASSAN RAISSI, ET AL FOR THE PURPOSE OF MODIFYING LIEN ON 194 LANTZ DR., MORGAN HILL, CA**<br><br>CHAPTER 11<br>[Subchapter V]<br><br>Date:    None Set<br>Time:   None Set<br>Court:  9 |

COMES NOW Debtor Pierce Contractors, Inc., ("Debtor" hereinafter), by and through The Fuller Law Firm, P.C., its attorneys of record, and moves the Court to value the collateral of Sassan Raissi, a sole individual, as to an undivided 600/1,429,000 interest; Jerry Kiachian, a married man as is sole and separate property, as to an undivided 629,500/1,429,000 interest; Mohsen Keyashian, a married man as his sole and separate property, as to an undivided 200,000/1,429,000 interest ("Lender" hereinafter) for the purpose of modifying its lien on the basis that the lien is partially under-secured. In support of this motion, Debtor states the following:

1

Motion to Value Collateral of Sassan Raissi, a Sole Individual, as to an undivided, et al for The Purpose of Modifying Lien on 194 Lantz Dr., Morgan Hill, CA

Case: 21-50915    Doc# 9    Filed: 07/09/21    Entered: 07/09/21 17:17:34    Page 1 of 6

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334(a).

2. Debtors commenced the herein case by filing a voluntary petition under Subchapter V of Chapter 11 in the United States Bankruptcy Court for the Northern District of California, San Jose Division, on July 9, 2021.

3. Debtor's Chapter 11 plan has not yet been confirmed.

4. The assets of Debtor include its interest in real property commonly known as 194 Lantz Dr., Morgan Hill, CA 95037 [hereinafter "Property"].

5. The A.P.N. of the Property is 712-04-100. The Property is more particularly described as:

> The land referred to herein below is situated in the unincorporated area in County of Santa Clara, State of California and is described as follows:
>
> Parcel One:
>
> A portion of that property shown as parcel "A" on that parcel map filed for record in Book 319 of Maps, at page 4, Santa Clara County Records, described as follows:
>
> Beginning at the Northernmost corner of said Parcel "A" and proceeding S. 41º 45' E., along the Northeasterly line of said parcel "A" 241.08 feet; thence S. 50º 37' W., 369.72 feet to a point on the Southwesterly line of said parcel "A" as shown on said map; thence N. 39º 23' W., along last said line 229.15 feet to a point on the Northwesterly line of said Parcel "A"; thence N. 48º 45' E., along last said line 359.94 feet to the point of beginning.
>
> Pursuant to certificate of compliance recorded August 17, 1990 as instrument no. 10627538 of Official Records,
>
> Parcel Two:
>
> An easement for water pipe line 10 feet wide, described as follows:
>
> Beginning at a point on the Northwesterly line of Parcel 3, said point being on the Northeasterly line of Lantz Avenue, as said parcel and avenue are shown on the parcel map filed on August 25, 1972 in Book 307 of Maps, at Page 31, Santa Clara County Records; thence along said Northeasterly line of Lantz Avenue, N. 39º 23' 00" W., 1164.43; thence S. 48º 45' 99' W., 10.00 feet; thence S. 39º 23' 00" E., 1163.93 feet; thence N. 51º 02' E., 10.00 feet to the point of beginning.
>
> Parcel Three:
>
> An easement for water pipe line 10 feet wide, described as follows:

2

Motion to Value Collateral of Sassan Raissi, a Sole Individual, as to an undivided, et al for The Purpose of Modifying Lien on 194 Lantz Dr., Morgan Hill, CA

Case: 21-50915   Doc# 9   Filed: 07/09/21   Entered: 07/09/21 17:17:34   Page 2 of 6

> Beginning at a point on the Southeasterly line of parcel B, said point being on the Northeasterly line of Lantz Avenue, as said parcel and avenue are shown on the parcel map filed March 20, 1973 in Book 319 of Maps, at Page 3, Santa Clara County Records; thence N. 51º 02' E., 185.00 feet; thence N. 38º 58' W., 10.00 feet; thence S. 51º 02' W., 184.93 feet; thence S. 39º 23' E., 10.00 feet to the point of beginning.

6. The Property is delinquent in property taxes for tax year 2020/2021 in the amount of $60,180.03.

7. On or about May 2, 2019, Richard Pierce, as CEO of Debtor Pierce Contractor's, Inc. and Richard Pierce, individually, executed a promissory note secured by deed of trust in favor of Lender ("1st Note"). The original balance of the 1st Note was $1,429,000. The 1st Note provided for interest at 10.99% per annum payable in 24 partially amortized installments of $13,253.94/month. The 1st Note further provided for a default interest rate of 6.00% per annum, in addition to the 1st Note rate of 10.99%. The 1st Note further provided for a balloon late charge of $142,900.00. The 1st Note further provided for, at the option of the beneficiary, compounded interest on any insufficient payment.

8. On May 8, 2019 Richard Pierce, as CEO of Pierce Contractor's Inc. and Richard Pierce, individually as co-borrower, executed before a notary public a Deed of Trust ("1st Trust Deed" hereinafter) in favor of Lender recorded against the Property on May 24, 2019 as Document No. 24188236 in the Official Records of Santa Clara County.

9. Pursuant to the Proof of Claim No. 2-1 filed on Feb. 20, 2020 in Debtor's prior Chapter 11 case, Debtor is informed and believes that the balance of the 1st Note was $1,614,709.91 as of that date.

10. On June 21, 2021, Lender published a Notice of Trustee's Sale indicating that the unpaid balance is $2,117,029.61. To the extent that the balance includes a balloon late charge of $149,900 debtor disputes the balance. A trustee's sale is set for July 19, 2021.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

11. On or about May 8, 2019, Debtor Richard Pierce executed an Installment Note ("2nd Note" hereinafter) secured by a Deed of Trust ("2nd Trust Deed" hereinafter) in favor of Richard W. Joyce and Yong Cha Joyce recorded against the Property on May 24, 2019 as Document No. 24188237 in the Official Records of Santa Clara County. The original balance of the 2nd Note was $470,000.

12. Pursuant to the Proof of Claim No. 6-1 filed on Apr. 1, 2021 in Debtor's prior case, Debtor is informed and believes that the balance of the 2nd Note was $487,799.84 as of that date. The 2nd Note provides for payments of interest in the amount of $2,154.16/month at the rate of 5.5% per annum.

13. Pursuant to their proof of claim, the balance of the 2nd Note was $487,799.84 as of Jan. 31, 2020, the time of the filing of the prior petition. Debtor estimates that the current balance is $526,575.

14. On or about May 8, 2019, Debtor Richard Pierce executed an Installment Note ("3rd Note" hereinafter) secured by a Deed of Trust ("3rd Trust Deed" hereinafter) in favor of Richard W. Joyce and Yong Cha Joyce recorded against the Property on May 24, 2019 as Document No. 24188238 in the Official Records of Santa Clara County. The original balance of the 3rd Note was $300,000.

15. Pursuant to the Proof of Claim No. 7-1 filed on Apr. 1, 2021, Debtor is informed and believes that the balance of the 3rd Note was $311,361.68 as of Jan. 31, 2020. Debtor estimates that the current balance is $336,112.

16. Debtor will file motion to Value Collateral of the 2nd Trust Deed and the 3rd Trust Deed by separate motions.

17. Michael Barcells of Barcells & Associates, a Certified Residential Real Estate Appraiser, appraised the Property and opined that the value of the Property was $1,750,000 as of Feb. 2021.

18. Pursuant to Redfin.com, the median price of real property in Morgan Hill, CA was $1,125,000 as of Feb. 2021 but is $1,242,500 as of June 2021, an increase of 10.4%. On the other hand, the Property was listed for $1,850,000 and marketed for sale by Keller Williams during Feb. and March 2021 and did not sell. There was however an offer for $1,750,000. Mr. Pierce has begun remodeling of the kitchen and bathroom, removing non-functional and obsolete appliances, leaving voids or replacing appliances with temporary low end appliances. Based on these data points, Debtor opines that the present value of the Property is $1,800,000.

19. Accordingly, Debtor has proposed a plan that crams Lender's lien to the fair market value of the Property of $1,800,000 less the property taxes of $60,183 for a valuation of $1,739,817. The under-secured balance of 377,213 would be treated concurrent with general unsecured creditors:

| | | |
|---|---|---|
| Debtor's valuation | | $1,800,000 |
| Santa Clara Co. Property taxes | $  60,183 | |
| 1st Trust Deed | $2,117,030 | |
| Subtotal | | <u>$2,177,213</u> |
| Amount under-secured | | ($377,213) |

WHEREFORE, Debtor prays for an order:

1. Valuing the Property at $1,800,000 for the purpose of this motion and valuing the collateral securing Lender's lien at $1,739,817 and that such valuation be binding on Lender as to the valuation of the Property for purposes of Plan confirmation.

2. And for such other and further relief as is just and equitable.

5
Motion to Value Collateral of Sassan Raissi, a Sole Individual, as to an undivided, et al for The Purpose of Modifying Lien on 194 Lantz Dr., Morgan Hill, CA

Case: 21-50915    Doc# 9    Filed: 07/09/21    Entered: 07/09/21 17:17:34    Page 5 of 6

Dated: July 7, 2021

THE FULLER LAW FIRM, P.C.

By: *Lars T. Fuller*
LARS T. FULLER
Attorney for Debtor