LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Lars@fullerlawfirm.net

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>PIERCE CONTRACTOR'S, INC.<br><br>Debtor | CASE NO. 21-50915-SLJ<br><br>**MOTION TO ENCUMBER REAL PROPERTY**<br><br>Chapter 11<br>[Subchapter V]<br><br>Date: None Set<br>Time: None Set<br>Court: Telephone or Video Only*** |

COMES NOW Debtor Pierce Contractors, Inc. by and through The Fuller Law Firm, P.C. its attorney of record and represents as follows:

### I.  Background

1. Debtor Pierce Contractors, Inc. filed the herein case on July 8, 2021. Mr. Richard Pierce is its sole shareholder, director and CEO.

2. Debtor is the title holder of real property at 194 Lantz Drive, Morgan Hill, CA ("Property" hereinafter)

3. Michael Barcells of Barcells & Associates, a Certified Residential Real Estate Appraiser, appraised the Property and opined that the value of the Property was $1,750,000 as of Feb. 2021.

4. Pursuant to Redfin.com, the median price of real property in Morgan Hill, CA was $1,125,000 as of Feb. 2021 but is $1,242,500 as of June 2021, an increase of 10.4%. Further, the Property was listed for $1,850,000 and marketed for sale by Keller Williams during Feb. and March 2021. There was an offer for $1,750,000. The Property was not sold and the listing was cancelled.

5. On the other hand, Mr. Pierce has begun remodeling of the kitchen and bathroom, removing non-functional and obsolete appliances, leaving voids or replacing appliances with temporary low end appliances. All things considered, Debtor opines that the present value of the Property is $1,800,000.

6. The Property is encumbered as follows:

| | | |
|---|---:|---:|
| Debtor's valuation | | $1,800,000 |
| Santa Clara Co. Property taxes | 60,183 | |
| 1st Trust Deed | 2,117,030[1] | |
| 2nd Trust Deed | 487,800 | |
| 3rd Trust Deed | 336,112 | |
| Subtotal | | $3,001,125 |
| Amount under-secured | | ($1,201,125) |

7. Concurrent with the filing of this motion, debtor is proposing a plan that will, among other treatment of creditors:

---

[1] Amount per Notice of Sale.

2
Motion to Encumber Real Property

Case: 21-50915    Doc# 25    Filed: 07/13/21    Entered: 07/13/21 17:23:52    Page 2 of 4

FULLER LAW FIRM, P.C.
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

FULLER LAW FIRM, P.C.
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

     a.    Pay the 1st trust deed the value of its collateral which debtor contends is $1,800,000 - $60,183 (property taxes) = $1,739,817 within 60 days of confirmation of a consensual plan or within 36 months after the Effective Date of a non-consensual plan.

     b.    Avoid the 2nd deed of trust and third deed of trust both in favor of Richard W. Joyce and Yong Cha Joyce.

8. Mr. Pierce's wife and father-in-law and mother-in law, among others died in a private plane crash. Brandon Pierce and Bradley Pierce, Mr. Pierce's son's, have received a settlement arising from a wrongful death complaint. Though the terms of the settlement remain confidential, they have sufficient cash for a cash infusion of $612,500 plus closing costs..

9. Debtor has secured Yosemite Capital that is prepared to finance a new 1st loan secured by the Property in an amount of $1,137,500. The loan requires the payment of 3 points and has an interest rate of 10% per annum due in 24 months. It has a three month pre-payment penalty.

10. The new Yosemite Capital Loan together with the cash infusion from the Pierce's will allow debtor to pay the property taxes and to pay the holder of the 1st trust deed the value of its security interest in the Property.

11. If Debtor's proposed plan is consensual, a discharge will be entered on confirmation which will allow debtor to obtain a final order cramming the 1st loan and stripping the junior liens after which the new first loan will fund.

12. If Debtor's proposed plan is non-consensual, discharge will be delayed by 3 years

WHEREFORE, Debtor prays for an order: (1) authorizing debtor to incur debt under the terms set forth herein with the entire proceeds used towards the payment of the 1st trust deed.

DATED: July 8, 2021         THE FULLER LAW FIRM, P.C.

By: /s/ *Lars T. Fuller*
     LARS T. FULLER
     Attorney for Debtor