| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Pierce Contractors, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | 21-50915-SLJ |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11        02/20

**Pierce Contractor's Inc.** Plan of Reorganization, Dated   **July 13, 2021**

**Background for Cases Filed Under Subchapter V**

    **A. Description and History of the Debtor's Business**

        Debtor incorporated on Dec. 6, 2017.   Richard Pierce is its sole shareholder, director and officer.   Debtor did not commence business until a year or so later.   Mr. Pierce, individually, struggled personally when he lost his wife, mother-in-law and father-in-law in a plane crash in Feb. 2017 and struggled to focus on operating the business.

        However, the demand for plumbing contractors in the Bay Area is strong and debtor has current job bookings and outstanding bids for some rather large jobs, which if awarded will fund debtor for about a year.

        Debtor owns real property which is Debtor's office and is also occupied by Debtor's principal.   Debtor seeks to retain the office.

    **B. Liquidation Analysis**

        To confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached as Exhibit 1.   In liquidation, general unsecured creditors receive nothing.

    **C. Ability to make future plan payments and operate without further reorganization**

        The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtors' business.

        The Plan Proponent has provided projected financial information as Exhibit 2-1 (if the plan is consensual) and Exhibit 2-2 (If the plan is non-consensual).

        The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $36,000 (exclusive of non-estate cash contributions).

        Debtor has proposed a 36 month plan.   Hence the final payment is projected to be on or about Oct. 2024.

        In addition to the projected cash flow as set forth in Exhibits 2, the Plan will be funded from a new loan secured by Debtor's real property at 194 Lantz Drive, Morgan Hill, CA ("Morgan Hill Property" hereinafter) as well as a cash infusion in the form of a gift from Brandon Pierce and Bradley Pierce in the estimated amount of $661,200 plus closing costs for the new financing; and $60,183 plus post-petition interest for curing of property tax arrears; and payment of taxes and administrative costs in the estimated amount of $35,000; and $130,000 as a lump sum payment on the Effective Date to fund the Class 6 general unsecured creditor "pot".

        **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Debtor from Debtor's disposable earnings from business operations, the new financing of Debtor's real property and from cash infusion from Bradley and Brandon Pierce.**

This Plan provides for:    **0**   classes of priority claims;
                                        **5**   classes of secured claims;
                                        **1**   classes of non-priority unsecured claims; and
                                        **1**   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately   **12.8**   cents on the dollar (11.4 cents on the dollar if the plan is non-consensual). This Plan also provides for the payment of administrative and priority claims.

| Debtor | **Cardinal Care Management, LLC** | Case number (*if known*) 20-41557 RLE |
|---|---|---|
| | Name | |

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

Exhibit 3 sets forth the estimated distribution to general unsecured creditors depending on whether the plan is consensual or non-consensual.. Such distributions consists of a lump sum distribution on the Effective Date if the Plan is consensual (or in month 36 if the plan is non-consensual) plus monthly payments of $1,000/month ($500/month if the plan is non-consensual).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** .................................. | Sassan Raissi, a sole individual, as to an undivided 600/1,429,000 interest; Jerry Kiachian, a married man as is sole and separate property, as to an undivided 629,500/1,429,000 interest; Mohsen Keyashian, a married man as his sole and separate property, as to an undivided 200,000/1,429,000 interest which hold a first trust deed on the Morgan Hill Property. |
| 2.02 | **Class 2** | The secured claim of Richard W. Joyce and Yong Cha Joyce who holds a 2nd deed of trust secured by the Morgan Hill Property |
| 2.03 | **Class 3** .................................. | The secured claim of Richard W. Joyce and Yong Cha Joyce who hold a 3rd deed of trust secured by the Morgan Hill Property. |
| 2.04 | **Class 4**………………………. | The secured claim of Ford Motor Credit Company LLC which is over-secured by Debtor's 2018 Ford F-250 SD Truck |
| 2.05 | **Class 5**………………………. | The secured claim of the Santa Clara County Tax Collector which is owed $60,183 in delinquent 2019-2021 property taxes secured by the Morgan Hill Property. |
| 2.06 | **Class 6** .................................. | General Unsecured Creditors - These include the under-secured claims of Sassan Raissi, et al, the under-secured claims of Richard W. Joyce and Yong Cha Joyce's 2nd trust deed and 3rd trust deed and the non-priority part of any tax claim. |
| 2.07 | **Class 7**…………………… | Equity Security Holder claim which is Richard Pierce |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |

| 3.02 | Administrative expense claims | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid. Debtor anticipates owing additional Attorney fees of $35,000 and Trustee fees of $10,000 (if the plan is consensual) and $18,000 (in addition to the $10,000) if the Plan is non-consensual. |
|---|---|---|

These shall be paid as set forth in the table below, but only after this Court approves Attorney's and Trustee's applications for compensation. Further, unless the plan is consensual, debtor will be required to pay the Subchapter V Trustee additional fees to act as the disbursing agent. Such fees will be computed based on the time expended multiplied by the Subchapter V Trustee's hourly rate. For purposes of plan feasibility computation, this was estimated at $500/month. The actual Trustee fees may be more or less than that amount.

| Name and Role of Professional | Estimated Amount | Payment Amount |
|---|---|---|
| The Fuller Law Firm, P.C. | $35,000 | Actual time expended multiplied by hourly rate all as approved by the Court. Paid on the latter of the Effective Date or Approval of Application for Compensation |
| Subchapter V Trustee | $10,000 | Actual time expended multiplied by hourly rate all as approved by the Court. Estimated at $10,000 to be paid on the latter of the Effective Date or approval of the Application for Compensation. |
| Subchapter V Trustee for post-confirmation fees if plan is non-consensual | $18,000 | Payable in payments over 36 months, as disbursements are made in the plan. Estimated at $500/mo. |

| 3.03 | Priority tax claims | Each holder of a priority tax claim will be paid in full on the Effective Date. The Franchise Tax Board has an estimated priority claim of $3,381.74 |
|---|---|---|
| 3.04 | Statutory fees | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | Prospective quarterly fees | Since this is a Subchapter V case, no quarterly fees will be due. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  Claims and interests shall be treated as follows under this Plan:     1739817.24

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Secured Claim Sassan Raissi, et al.** | ☒ Impaired<br>☐ Unimpaired | If the Plan is consensual, the Class 1 creditor shall be paid the value of its collateral (in the estimated amount of $1,739,817 per Debtor's motion to value) within 60 days of the Effective Date of the Plan . Until the value of its collateral is paid, the Class 1 Claimant shall be paid $9,262.21/month (representing the estimated value of its collateral of $1,739,817 amortized over 30 years at 5.25% interest payable on the 10th day of each and every month until the value of its collateral is paid.<br><br>However, if the Plan is non-consensual, the Class 1 claimant shall be paid the value of its collateral amortized over 30 years in payments of $9,262,21 per month inclusive of interest at 5.25% per annum.<br><br>Whether the Plan is consensual or not, the under-secured part of the Class 1 claimant's allowed claim shall be paid together with general unsecured creditors in Class 6. |

| Debtor | **Cardinal Care Management, LLC** | Case number (*if known*) | **20-41557 RLE** |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| Class 2 – **Secured Claim of Richard W. Joyce and Yong Cha Joyce (2nd trust deed)** | ☐ Impaired<br>☒ Unimpaired | The Class 2 lien claimant shall be stripped off and paid as a general unsecured creditor. It shall receive no payments as a Class 2 creditor. |
| **Class 3 – Secured Claim of Richard W. Joyce and Yong Cha Joyce (3rd trust deed)** | ☐ Impaired<br>☒ Unimpaired | This Class 3 lien claimant shall be stripped off and paid as a general unsecured creditor. It shall receive no payments as a Class 3 creditor. |
| **Class 4 Ford Motor Credit** | ☐ Impaired<br>☒ Unimpaired | The Class 4 claimant shall be paid its contractual payment of $1,095.36/month until the entire amount of its allowed claim is paid. |
| **Class 5 Santa Clara Co. Tax Collector** | ☐ Impaired<br>☒ Unimpaired | This Class 5 lien is for pre-petition property taxes in the estimated amount of $60,183 for tax years 2019/2020 and 2020/2021. It shall be paid in full together with accrued interest at 18% per annum in a single payment on the Effective Date of the Plan. |
| Class 6 - **General Unsecured Creditors** | ☒ Impaired<br>☐ Unimpaired | If the plan is consensual, these claimants shall be paid their pro-rata share of a pot equal to $166,000 payable $130,000 on the Effective Date and payments of $1,000/month for 36 months. ,<br><br>If the plan is non-consensual, these claimants shall be paid their pro-rata share of a pot equal to $148,000 payable at $500/month for 36 months plus $130,.000 on the 36th month after the Effective Date.<br><br>Pro-rata means the entire amount of the claim divided by the entire amount owed to creditors with allowed claims in this class. |
| Class 7 – Equity Security Holders | ☐ Impaired<br>☒ Unimpaired | Richard Pierce, the sole shareholder, shall retain his stock |

## Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01 Assumed executory contracts and unexpired leases**

(a) Debtor has not entered into any executory contracts. Hence no executory contracts will be assumed or rejected.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __60__ days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

Official Form 425A            Plan of Reorganization for a Small Business Under Chapter 11            page 4

Debtor has secured financing for up to 65% of the value of Debtor's property at 194 Lantz Way Morgan Hill, CA through Yosemite Capital. Bradley Pierce and Brandon Pierce (Richard Pierce's son) , who are recipients of wrongful death recoveries arising out of a plane crash that killed their mother and grandfather and grandmother, have agreed to gift to the estate at least 35% of the value of the Morgan Hill Property to facilitate plan confirmation. Further they have agreed to fund the administrative claims, priority tax claim and $130,000 to the general unsecured pot.

In addition, the Plan will be funded in part from the projected earnings of Pierce Contractors, Inc.'s plumbing business.

## Article 8: General Provision

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

1. **Material Default Defined:**

If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 45 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

2. **Remedies upon Material Default.**

Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

3. **Early Payoff.**

Because debtor is paying Debtor's projected disposable income over three years, and 11 U.S.C. 1191(c )(2) does not mandate a fixed repayment term, Debtor is authorized to pre-pay plan obligations at any time and if discharge has not yet been entered pursuant to a consensual plan, discharge shall be entered on full payment of allowed claimants as set forth in the confirmed plan.

**8.02 Effective Date**

The Effective Date of the Plan is defined as 30 days after entry of the Order Confirming Plan.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**[8.06 Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**[8.07 Corporate Governance**

Richard Pierce is the sole owner, sole director and CEO of Debtor

**[8.08 Retention of Jurisdiction**

The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

| Debtor | **Cardinal Care Management, LLC** | Case number (*if known*) | 20-41557 RLE |
|---|---|---|---|
| | Name | | |

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

If the plan is consensual, creditors will enjoy a distribution estimated at 12.8_ percent of their allowed claims.

If the plan is not consensual, the Trustee will become the disbursing agent billing for his/her services for the time expended multiplied by her current hourly rate. Such amount is unknown, but is estimated and projected at $500/month. In the event of a non-consensual plan, the disbursement to general unsecured creditors is reduced by the estimated amount of the post-confirmation disbursement to the Subchapter V Trustee.

Remedies on Material Default:

Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

Respectfully submitted,

**X /s/ Richard Pierce**　　　　　　　　　　　　　　　**Richard Pierce**
[Signature of the Plan Proponent]　　　　　　　　　　[Printed name]

**X /s/ Lars T. Fuller**　　　　　　　　　　　　　　　**Lars T. Fuller**
[Signature of the Attorney for the Plan Proponent]　　[Printed name]

# EXHIBIT 1

# Liquidation Analysis

| Assets | Value | Cost of Sale | Liabilties | Equity |
|---|---|---|---|---|
| US Bank (*4087) | 6781 | | | 6781 |
| US Bank (*8265) | 0 | | | |
| Real Property | 1,800,000 | 108000 | 2979717 | 0 |
| 2018 Ford F-250 | 75925 | 0 | 41,000 | 34,925 |
| 2006 Ford F-350 | 9000 | 0 | 0 | 9000 |
| Office Furniture | 500 | 0 | 0 | 500 |
| Plumbing tools | 500 | 0 | 0 | <u>500</u> |
| | | | | |
| Subtotal | | | | 51706 |
| | | | | |
| Chapter 7 Trustee fees (on veh. & equip only) | | | 5838 | |
| Chapter 11 admin fees (attorney fees) | | | 35000 | |
| Subchapter V Fees (pre-confirmation) | | | 10,000 | |
| FTB Priority taxes | | | <u>3381.74</u> | |
| | | | | 54219.74 |
| Net Liquidation value | | | | -2513.74 |

Note: In the eventof a non-consensaul plan, post-confirmation Subchapter V fees are estimated at $18,000 which are not included in the above liquidation analysis.

# EXHIBIT 2

Feasibility
(Consensual Plan)

IF CONSENSUAL

|  | Mo. 1-2 | Mo.4-6 | Mo. 7-12 | Mo. 13-36 |
|---|---:|---:|---:|---:|
| Revenue | 40,000.00 | 40,000.00 | 45,000.00 | 50,000.00 |
| Rent/Contributions | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| **Subtotal** | **48,000.00** | **48,000.00** | **53,000.00** | **58,000.00** |
|  |  |  |  |  |
| Advertising | 800.00 | 800.00 | 800.00 | 800.00 |
| Auto & Truck Exp | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Bank charges | 50.00 | 50.00 | 50.00 | 50.00 |
| Employee Benefits | 0.00 | 0.00 | 0.00 | 0.00 |
| Insurance (vehicles) | 900.00 | 900.00 | 900.00 | 900.00 |
| Legal & Prof | 0.00 | 0.00 | 0.00 | 0.00 |
| Misc. | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Exp. | 100.00 | 100.00 | 100.00 | 100.00 |
| Mortgage | 0.00 | 9,479.00 | 9,479.00 | 9,479.00 |
| Property taxes | 2,333.00 | 2,333.00 | 2,333.00 | 2,333.00 |
| Business and Property Insurance | 300.00 | 300.00 | 300.00 | 300.00 |
| Work Comp Ins ($1400/year) | 120.00 | 120.00 | 120.00 | 120.00 |
| Repairs & Maint. | 100.00 | 100.00 | 100.00 | 100.00 |
| Admin | 200.00 | 200.00 | 200.00 | 200.00 |
| Materials (30% of sales) | 12,000.00 | 12,000.00 | 13,500.00 | 15,000.00 |
| Salaries (30% of sales) | 12,000.00 | 12,000.00 | 13,500.00 | 15,000.00 |
| Salary-officer | 3,000.00 | 3,000.00 | 5,000.00 | 7,000.00 |
| Salary-contract labor | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 385.00 | 385.00 | 385.00 | 385.00 |
| Tools | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 700.00 | 700.00 | 700.00 | 700.00 |
| Total Expenses | 35,088.00 | 44,567.00 | 49,567.00 | 54,567.00 |
|  |  |  |  |  |
| **Cashflow before tax** | **12,912.00** | **3,433.00** | **3,433.00** | **3,433.00** |
|  |  |  |  |  |
| Income Taxes State and Fed (29%) | 1,058.44 | 995.57 | 995.57 | 995.57 |
|  |  |  |  |  |
| **Disposable Income** | **11,853.56** | **2,437.43** | **2,437.43** | **2,437.43** |
|  |  |  |  |  |
|  |  |  |  |  |
| Class 1 - Sassan Raissi, et al 1st TD | 9262.21 | 0.00 | 0.00 | 0.00 |
| Class 2 -Richard & Yong Cha Joyce 2nd TD | 0 | 0 | 0 | 0 |
| Class 3 -Richard and Yong Cha Joyce 3rd TD | 0 | 0 | 0 | 0 |
| Class 4 - Ford Motor Credit | 1095.36 | 1095.36 | 1095.36 | 1095.36 |
| Class 5 - Santa Clara Co. Tax Col. (Paid on Effective date) | 0 | 0 | 0 | 0 |
| Class 6 -General Unsecured | 1000 | 1000 | 1000 | 1000 |
| FTB Priority ($3,381.74 paid on Effective date) | 0 | 0 | 0 | 0 |
| Subchapter V Trustee post-confirmation | 0 | 0 | 0 | 0 |
| **Subtotal Plan Payments** | **11357.57** | **2095.36** | **2095.36** | **2095.36** |
|  |  |  |  |  |
| Feasibility | 495.99 | 342.07 | 342.07 | 342.07 |

Excludes non-estate cash contributions from Brandon and Bradley Pierce of $130,000

Feasibility Analysis
(Non-consensual Plan)

|  | Mo. 1-2 | Mo.4-6 | Mo. 7-12 | Mo. 13-36 |
|---|---|---|---|---|
| Revenue | 40,000.00 | 40,000.00 | 45,000.00 | 50,000.00 |
| Rent/Contributions | 8,000.00 | 8,000.00 | 8,000.00 | 8,000.00 |
| Subtotal | 48,000.00 | 48,000.00 | 53,000.00 | 58,000.00 |
|  |  |  |  |  |
| Advertising | 800.00 | 800.00 | 800.00 | 800.00 |
| Auto & Truck Exp | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Bank charges | 50.00 | 50.00 | 50.00 | 50.00 |
| Employee Benefits | 0.00 | 0.00 | 0.00 | 0.00 |
| Insurance (vehicles) | 900.00 | 900.00 | 900.00 | 900.00 |
| Legal & Prof | 0.00 | 0.00 | 0.00 | 0.00 |
| Misc. | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Exp. | 100.00 | 100.00 | 100.00 | 100.00 |
| Mortgage | 0.00 | 0.00 | 0.00 | 0.00 |
| Property taxes | 2,333.00 | 2,333.00 | 2,333.00 | 2,333.00 |
| Business and Property Insurance | 300.00 | 300.00 | 300.00 | 300.00 |
| Work Comp Ins ($1400/year) | 120.00 | 120.00 | 120.00 | 120.00 |
| Repairs & Maint. | 100.00 | 100.00 | 100.00 | 100.00 |
| Admin | 200.00 | 200.00 | 200.00 | 200.00 |
| Materials (30% of sales) | 12,000.00 | 12,000.00 | 13,500.00 | 15,000.00 |
| Salaries (30% of sales) | 12,000.00 | 12,000.00 | 13,500.00 | 15,000.00 |
| Salary-officer | 3,000.00 | 3,000.00 | 5,000.00 | 7,000.00 |
| Salary-contract labor | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 385.00 | 385.00 | 385.00 | 385.00 |
| Tools | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 700.00 | 700.00 | 700.00 | 700.00 |
| **Total Expenses** | **35,088.00** | **35,088.00** | **40,088.00** | **45,088.00** |
|  |  |  |  |  |
| **Cashflow before tax** | **12,912.00** | **12,912.00** | **12,912.00** | **12,912.00** |
|  |  |  |  |  |
| Income Taxes State and Fed (29%) | 1,058.44 | 1,058.44 | 1,058.44 | 1,058.44 |
|  |  |  |  |  |
| **Disposable Income** | **11,853.56** | **11,853.56** | **11,853.56** | **11,853.56** |
|  |  |  |  |  |
| Class 1 - Sassan Raissi, et al 1st TD | 9262.21 | 9262.21 | 9262.21 | 9262.21 |
| Class 2 -Richard & Yong Cha Joyce 2nd TD | 0 | 0 | 0 | 0 |
| Class 3 -Richard and Yong Cha Joyce 3rd TD | 0 | 0 | 0 | 0 |
| Class 4 - Ford Motor Credit | 1095.36 | 1095.36 | 1095.36 | 1095.36 |
| Class 5 - Santa Clara Co. Tax Col. (Paid on Effective date) | 0 | 0 | 0 | 0 |
| Class 6 -General Unsecured | 500 | 500 | 500 | 500 |
| FTB Priority ($3,381.74 paid on Effective date) | 0 | 0 | 0 | 0 |
| Subchapter V Trustee post-confirmation | 500 | 500 | 500 | 500 |
| **Subtotal Plan Payments** | **11357.57** | **11357.57** | **11357.57** | **11357.57** |
|  |  |  |  |  |
| Feasibility | 495.99 | 495.99 | 495.99 | 495.99 |

Excludes non-estate funds contribution from Brandon and Bradley Piercein Month 36

# EXHIBIT 3

General Unsecured Creditor Distribution

|  | Consensual | | | Non-consensual | | |
|---|---|---|---|---|---|---|
| Creditor | Claim | 60 days from Effective Date | Monthly | Claim | Monthly | In Month 36 after Effective date |
| Raissi et al | 377,213.00 | 37,893.40 | 291.49 | 377,213.00 | 145.74 | 37,893.40 |
| Richard Joyce 2nd | 526,575.00 | 52,897.74 | 406.91 | 526,575.00 | 203.45 | 52,897.74 |
| Richard Joyce (3rd) | 336,112.00 | 33,764.55 | 259.73 | 336,112.00 | 129.86 | 33,764.55 |
| Acar Leasing | 2,047.07 | 205.64 | 1.58 | 2,047.07 | 0.79 | 205.64 |
| Mlnarick | 51,648.78 | 5,188.44 | 39.91 | 51,648.78 | 19.96 | 5,188.44 |
| Sullivan Water | 500.00 | 50.23 | 0.39 | 500.00 | 0.19 | 50.23 |
|  |  |  |  |  |  |  |
| Subtotal | 1294095.85 | 130,000.00 | 1,000.00 | 1294095.85 | 500.00 | 130,000.00 |
|  |  |  |  |  |  |  |
| Total Payment | 166000 |  |  | 148000 |  |  |
| % to Gen Unsecured | 0.128274888 |  |  | 0.114365563 |  |  |