LARS T. FULLER (No. 141270)
SAM TAHERIAN (170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408)295-5595
Fax: (408)295-9852

Former Attorney for Debtor Pierce Contractors, Inc.

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| PIERCE CONTRACTORS, INC. | ) Case No.: 21-50915-SLJ |
| | ) |
| Debtor | ) |
| | ) CHAPTER 11 [Subchapter V] |
| | ) |
| | ) **THE FULLER LAW FIRM, P.C.'S FINAL** |
| | ) **APPLICATION FOR COMPENSATION** |
| | ) |
| | ) Date: Jan. 11, 2022 |
| | ) Time: 1:30 PM |
| | ) Court: Telephonic or Video Only |
| | ) |

Comes now The Fuller Law Firm, P.C., former attorneys for Debtor Pierce Contractor's, Inc. and respectfully submits the herein application for compensation under Rule 2002 of the Bankruptcy Rules and B.L.R. 9029-1.

## I. CASE BACKGROUND

Debtor is a plumbing contractor. Business opportunities are abundant. However, Debtor's responsible individual has been struggling with a personal tragedy whereby his wife and relatives were killed in a plane crash.

Debtor is the owner of real property at 194 Lantz Drive, Morgan Hill, CA ("Property" hereinafter). Debtor operates his business from the Property. Further Mr. Pierce individually and his sons live in the Property. The primary purpose of filing the herein case was to allow Debtor to retain the Property.

The case was not complicated. It merely involved valuing the 1st lien and buying it out with available cash, stripping junior liens and paying general unsecured creditors from disposable income from the plumbing business. Complexities arose, however.

## II. TERMS OF REPRESENTATION

The Fuller Law Firm, P.C. agreed to represent the Debtor at the firm's ordinary and customary hourly rates existing at the time of retention for the attorneys in the office. The Application for Employment provided for the following rates:

| | |
|---|---|
| Lars T. Fuller | $505.00 |
| Sam Taherian | $485.00 |
| Joyce K. Lau | $395.00 |

Debtor and counsel have agreed that counsel would seek reimbursement for actual costs expended. No post-petition costs are requested.

Before filing this case, Bradley Pierce, the son of Debtor's Designated Responsible Individual, paid $25,000 which was deposited into The Fuller Law Firm, P.C.'s trust account.

Because Debtor, represented by Mlnarick Law Offices, was involved in a prior Chapter 11 case which was dismissed for, among other reasons, failure to timely propose and prosecute a plan, much time was expended pre-petition to allow for the expeditious prosecution of this case as follows:

1. Draft (2) motions to strip junior liens.
2. Draft motion to value 1st trust deed
3. Draft motion to impose automatic stay
4. Initiated drafting motion to incur debt
5. Initiate drafting of plan
6. Draft application designating responsible individual.

Pre-petition fees of $19,721.00 and the filing fee of $1,738 and PACER fees of $19.00 were withdrawn immediately before the filing of the petition. After payment of fees and costs, The Fuller Law Firm, P.C. is holding $3,522 in trust. A copy of the exported Practice Panther time records for time expended pre-petition is attached to the Declaration accompanying this motion.

### III. FEES AND COSTS REQUESTED

Through Nov. 19, 2021, the date of entry of the Order relieving The Fuller Law Firm, P.C. as attorney for debtor, your applicant has expended 33.5 hours of time on this case variously categorized as follows:

A. <u>Summary By Attorney</u>

| PROFESSINOAL | HOURS (Billed) | RATE | AMOUNT (Billed) |
|---|---|---|---|
| Lars T. Fuller | 30.5 | $505 | 15,402.50 |
| Sam Taherian | 2.0 | $485 | 970.00 |
| **Total** | **33.5** | | **$16,372.50** |

The Fuller Law Firm, P.C.'s Final Application for Compensation 3
Case: 21-50915    Doc# 76    Filed: 12/14/21    Entered: 12/14/21 21:32:23    Page 3 of 7

B. <u>Summary By Project:</u>

| CASE | HOURS | AMOUNT (Billed) |
|---|---|---|
| 341 Meeting | .7 | 353.5 |
| Case Management | 2.2 | 1,111 |
| Claims | 0.8 | 404 |
| Employment Application | .2 | 101 |
| IDI | 3.7 | 1,868.50 |
| Incur Debt | 1.9 | 959.50 |
| Joint Administration | 2.8 | 1,414 |
| Main Case | 3.9 | 1,969.50 |
| Motion to Impose Stay | 2.8 | 1,374 |
| Motion to Value | 2.5 | 1,262.50 |
| Motion to Withdraw | 1.1 | 555.50 |
| Plan | 6.2 | 3,131 |
| Relief from Stay | 3.1 | 1,565.50 |
| Settlement | .6 | 303 |
| **Total** | 32.50 | 16,372.50 |

C. Costs

The Fuller Law Firm, P.C. is waiving all post-petition costs

D. Description of Significant Projects

1. Plan [6.2 hours; $3,131]

Every effort was made to expeditiously propose a plan. Two motions for expedited plan reviews were filed. The difficulty in drafting a plan in the instant case is that debtor did not produce any MOR's nor any income statements making it difficult to project future disposable income.

2. Motion to Value [2.5 hours; $1,262.50]

The herein case involved a motion to value the 1st lien and motions to value to strip the junior liens. Much of this work was done pre-petition so as to propose a plan on an expedited basis. Counsel for the junior lien was cordial and objective. As to the 1st lien, the private lender was unwilling to compromise. A valuation trial was needed. The 1st lender alleges that Debtor was not cooperative in allow the first appraiser access to the Property. Before the matter could proceed to valuation trial, it appears that Mr. Pierce defaulted on the APO in his individual case and the undersigned withdrew from the case, for among other reasons, Debtor's inability or failure to produce MOR's and financial information.

3. Motion to Impose Stay [2.8 hours $1,374]

The instant case was filed shortly after dismissal of a prior case. Debtor sought to impose the stay. The 1st case failed for failure to propose a plan by the deadline. In the herein case, much work was completed pre-petition including work on the motions to value to cram, motions

to value to strip and initial plan drafting. Though the motion to impose stay was denied, Mr. Pierce individually filed a Chapter 11 case resulting in a stay.

## IV. OTHER PROVISIONS

The Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees provides that the fees for preparation of a fee application may not exceed five percent of the total amount of fees and costs requested in the Application. In the herein case, counsel is waiving any fees associated with this application for compensation.

No project categories exceeded $10,000.

Taking into consideration the time and labor required, the novelty and difficulty of the questions, the skills required to perform the legal services properly, the preclusion of other employment by the attorney due to the acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or other circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorney, the nature and extent of the professional relationship with the client, and awards in similar cases, the reasonable value of services rendered by your applicant for legal services calculated at attorney's ordinary rate is as follows:

| | |
|---|---|
| Post-petition Legal service to date: | $ 16,372.50 |
| Costs (waived) | $     0 |
| Total Fees and Costs | $ 16,372.50 |
| Retainer held in Trust | $   3,522 |
| Additional Fees requested | $12,850.50 |

Your applicant has not shared and has not agreed to share fees with anyone. This is your Applicant's first and final application for compensation in the herein case.

## V. CONCLUSION

The instant case was straightforward: Value the 1st lien, negotiate a buyout with available cash from Mr. Pierce's sons (or as a refinance with cash infusion from his sons and a new private money loan), strip the junior liens and pay the junior liens and other general unsecured creditors a modest dividend from disposable income from operations of the plumbing business. The case got complicated when Mr. Pierce, apparently still distraught from the loss of his wife, could not produce financial information or MOR's coupled with Mr. Weber not being open to negotiating a valuation of the subject property.

WHEREFORE, your applicant prays that this court

1. Approve total attorney fees and costs as set forth herein;

2. Authorize your applicant to withdraw the $3,522 held in trust;

3. Direct that the balance of approved fees and costs be paid forthwith.

Respectfully submitted,

Dated: Dec. 14, 2021 THE FULLER LAW FIRM, P.C.

By: /s/ *Lars T. Fuller*
LARS T. FULLER
Attorney for Debtor